UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-22306-CIV-GRAHAM/GOODMAN

OSCAR BENITEZ, individually,
JEFRY MARTINEZ, individually,
and all persons similarly situated,

    Plaintiffs,

v.

16 ON CENTER, LLC, a Florida for
profit company,

    Defendant.
_____/

**ORDER ON MOTION TO COMPEL**

This matter is before the Court on Plaintiffs' Motion to Compel Better Responses and Documents to Discovery in Aid of Execution (DE 30), filed August 15, 2011. The Defendant, 16 on Center, LLC, is unrepresented by counsel and did not respond to the motion. The Court has reviewed the motion and accompanying exhibits, the pertinent portions of the record, and is fully advised in the premises.

The two Plaintiffs in this action obtained default judgments for $3,570.00 and $3,270.00 respectively (DE 13), and subsequently obtained a judgment for attorney's fees and costs for $4,675.00 and $773.24 respectively (DE 16), for a total judgment of **$12,288.24.** The Court's review of the docket indicates that Plaintiffs executed a writ of garnishment on Wells Fargo Bank, N.A., and that it appears that 16 on Center, LLC has more than $25,000 in its bank account, which is more than enough to satisfy the judgment here (DE 32-37).

Although it does not appear that 16 on Center, LLC provided complete answers to *all* of the Plaintiffs' discovery requests, the Defendant substantially responded to 20 interrogatories and

to 39 requests for production. It also appears that some of the interrogatories and requests for production were worded in extremely broad terms and that ordering additional compliance by the Defendant may be overly burdensome and potentially unnecessary in light of the garnishment proceedings.

The Court may limit the frequency or extent of discovery on its own motion if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). Considering these factors, especially the amount in controversy and the potential of the garnishment proceedings to completely satisfy the judgment, the Court finds that the burden and expense of the proposed discovery outweighs its likely benefit. Therefore, the Plaintiffs' motion to compel is **denied**.

DONE AND ORDERED in Chambers, at Miami, Florida, September 13, 2011.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Donald L. Graham
All counsel of record